**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEFFERSON PARISH ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5224** |
| **CHEVRON U.S.A. HOLDINGS, INC.** **ET AL.** | **SECTION "B"(2)** |

——————————————————

| | |
|---|---|
| **JEFFERSON PARISH ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5213** |
| **ANADARKO E&P, LLC ET AL.** | **SECTION "B"(5)** |

——————————————————

| | |
|---|---|
| **PLAQUEMINES PARISH ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5218** |
| **JUNE ENERGY, INC. ET AL.** | **SECTION "B"(5)** |

——————————————————

| | |
|---|---|
| **PLAQUEMINES PARISH ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5220** |
| **EQUITABLE PETROLEUM** **CORPORATION ET AL.** | **SECTION "B"(2)** |

——————————————————

| | |
|---|---|
| **PLAQUEMINES PARISH ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5230** |
| **CONOCOPHILLIPS** **COMPANY ET AL.** | **SECTION "B"(5)** |

——————————————————

**JEFFERSON PARISH ET AL.**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 18-5252**

**CANLAN OIL COMPANY**                         **SECTION "B"(1)**
**ET AL.**

---

**PLAQUEMINES PARISH ET AL.**                  **CIVIL ACTION**

**VERSUS**                                     **NO. 18-5260**

**HELIS OIL & GAS**                            **SECTION "B"(2)**
**COMPANY ET AL.**

## ORDER & REASONS

Before the Court are plaintiff[1] the Parish of Jefferson's joint motions for remand (Rec. Docs. 30 and 33), plaintiffs' memorandum in support (Rec. Doc. 65), removing defendants'[2] opposition (Rec. Doc. 63), and parties' supplemental post-argument briefing (Rec. Docs. 77 and 78). After consideration of the record in the above-captioned cases,

**IT IS HEREBY ORDERED** that plaintiffs' re-opened motions to remand (Rec. Docs. 30 and 33) in Civil Action No. 18-5224 are hereby **GRANTED**. This matter is **REMANDED** to the

---

[1] Plaintiffs and Intervenor Plaintiffs in Civil Action No. 18-5224 include: The Parish of Jefferson, Louisiana State ex rel Parish of Jefferson, Louisiana State through the Louisiana Department of Natural Resources, Office of Coastal Management, Thomas F. Harris, Secretary (Intervenor Plaintiff), and Louisiana State ex rel, Jeff Landry, Attorney General (Intervenor Plaintiff).

[2] Removing defendants in Civil Action No. 18-5224 include: Chevron U.S.A. Holdings, Inc. as successor in interest to Texaco E&P Inc. and Texaco Inc., Stone Energy Corporation, Hilcorp Energy Company, Chevron USA Inc. as successor in interest to The California Company, Louisiana Land and Exploration Company, LLC Maryland as successor in interest to The Louisiana Land and Exploration Company, Atlantic Richfield Company in its own capacity and as successor in interest to Arco Oil and Gas Company-Division of Atlantic Richfield, Exxon Mobil Corporation as successor in interest to Exxon Corporation and Humble Oil & Refining Co., Shell Oil Company, Equitable Petroleum Corporation, Turnkey Oilfield Contractors, Inc. as successor in interest to Turnkey Oilfield Salvage, Texas Company, Gulf Coast Crude Oil & Gas Company, Inc., Louisiana Crude Oil and Gas Company, Inc., BP America Production Company as successor in interest to Amoco Production Company and Pan American Production Company, BEPCO, L.P. as successor in interest to Richardson & Bass (LA Acct) *et al.*, Perry Bass, & Perry R. Bass, Inc., and Louisiana Land and Exploration Company, LLC improperly identified as The Louisiana Land and Exploration Company LLC Maryland.

state court from which it was removed.

**IT IS FURTHER ORDERED** that plaintiffs' joint motions to remand in the other above-captioned **Non-Related Refinery Cases** are hereby **GRANTED.** Specifically, the Court grants the following motions to remand in the above-captioned Non-Related Refinery Cases: *Jefferson Parish v. Anadarko E&P Onshore, LLC,* **No. 18-5213**, Rec. Doc. 37; *Plaquemines Parish v. June Energy, Inc.,* **No. 18-5218**, Rec. Docs. 21, 22, and 42; *Plaquemines Parish v. Equitable Petroleum Corporation,* **No. 18-5220**, Rec. Docs. 26 and 47; *Plaquemines Parish v. Conocophillips Company,* **No. 18-5230**, Rec. Docs. 64, 65, and 95; *Jefferson Parish v. Canlan Oil Company,* **No. 18-5252**, Rec. Docs. 24 and 25; *Plaquemines Parish v. Helis Oil & Gas Company, LLC,* **No. 18-5260**, Rec. Docs. 25 and 44.[3]

**IT IS FURTHER ORDERED** that any pending motions are **DISMISSED AS MOOT**.

## I.   FACTS AND PROCEDURAL HISTORY

The captioned cases are seven of thirty cases filed in state courts within this district by Louisiana coastal parishes against various oil and gas industry producers and/or refiners.[4] Plaintiffs allege defendants' exploration, dredging, drilling, transportation, and waste disposal activities resulted in pollution and subsequent wetland loss along Louisiana's coastline. Plaintiffs' original petitions assert a cause of action for violation of Louisiana's State and Local Coastal Resource

---

[3] Because of the overlaps regarding claims, parties, counsel, and substantive law in the above-captioned cases, the arguments contained in the noted motions to remand and related memoranda are the same or substantially similar. Accordingly, the Court addresses the raised arguments and motions to remand in this singular Order and Reasons.

[4] These cases can be divided into Related Refinery Cases and Non-Related Refinery Cases. Of these seven cases, *Par. of Jefferson v. Chevron U.S.A. Holdings, Inc.*, **No. 18-5224** is the only Related Refinery Case, whereas *Jefferson Par. v. Anadarko E&P Onshore, LLC*, **No. 18-5213**; *Plaquemines Par. v. June Energy, Inc.*, **No. 18-5218**; *Plaquemines Par. v. Equitable Petrol. Corp.*, **No. 18-5220**; *Plaquemines Par. v. ConocoPhillips Co.*, **No. 18-5230**; *Jefferson Par. v. Canlan Oil Co.*, **No. 18-5252**; and *Plaquemines Par. v. Helis Oil & Gas Co.*, **No. 18-5260** are all Non-Related Refinery Cases.

Management Act of 1978 ("SLCRMA"). SLCRMA provides a cause of action where an entity fails to obtain a coastal use permit where one is required or where the terms and conditions of such a permit are violated. *See* La. Rev. Stat. § 49:214.36(D). Plaintiffs seek damages, "costs necessary to clear, revegetate, detoxify and otherwise restore [their coasts]," as well as actual restoration and reasonable costs and attorney's fees. *See, e.g.*, Plaintiff's Petition for Damages at 18–19, *Chevron U.S.A. Holdings*, No. 18-5224 (E.D. La. May 23, 2018), ECF No. 1-8.

Because these cases have a long and complex procedural history, the Court will only address the relevant history to the instant motions to remand. The original twenty-eight cases were filed in 2013 based on diversity jurisdiction, maritime jurisdiction, and federal jurisdiction under the Outer Continental Shelf Land Act ("OCSLA"). *See, e.g.*, Joint Motion to Remand at 1–2, *Plaquemines Par. v. June Energy, Inc.*, No. 18-5218 (E.D. La. Jan. 4, 2023), ECF No. 42-1 [hereinafter *June Energy*]. The court designated *Plaquemines Parish v. Total Petrochemical & Refining USA, Inc.*, No. 13-6693 (E.D. La.), as the lead case, which United States District Judge Jay C. Zainey remanded, leading to all related cases being remanded to state court. *See Plaquemines Par. v. Total Petrochemical & Refining USA, Inc.*, No. 13-6693 (E.D. La. Dec. 1, 2014), ECF No. 87 [hereinafter *Total*]; *see, e.g.*, Joint Motion to Remand at 2, *June Energy*, No. 18-5218 (E.D. La. Jan. 4, 2023), ECF No. 42-1. This line of cases was then removed again in May 2018 pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1442, alleging that plaintiffs' claims "(1) implicate wartime and national emergency activities undertaken at the direction of federal officers, and (2) necessarily require resolution of substantial, disputed questions of federal law." *See, e.g.*, Notice of Removal at 2, *Chevron U.S.A. Holdings*, No. 18-5224 (E.D. La. May 23, 2018), ECF No. 1.

The lead case was determined to be *Plaquemines Parish v. Riverwood Production Company*, No. 18-5217 (E.D. La.), decided by United States District Judge Martin L. C. Feldman. In *Riverwood*, Judge Feldman ordered remand, which was subsequently appealed to the United States Court of Appeals for the Fifth Circuit. *See Plaquemines Par. v. Riverwood Production Co.*, No. 18-5217 (E.D. La. May 28, 2019), ECF No. 79 [hereinafter *Riverwood*]; *Riverwood*, No. 18-5217 (E.D. La. June 12, 2019), ECF No. 88. The Fifth Circuit initially affirmed the district court's order remanding *Riverwood*;[5] however, on rehearing the Fifth Circuit affirmed in part and reversed in part after finding that removal was timely, that federal-question jurisdiction was absent, and that remand to the district court was appropriate in order "to consider whether federal-officer jurisdiction exists under [*Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020)]." *See Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 375 (5th Cir. 2021) [hereinafter *Plaquemines I*].

On remand, after additional briefing and oral argument, Judge Feldman again granted plaintiffs' motion to remand to state court. *See Riverwood*, No. 18-5217 (E.D. La. Jan. 11, 2022), ECF No. 116. The order granting remand was again appealed. *See* Notice of Appeal, *Riverwood*, No. 18-5217 (E.D. La. Jan. 24, 2022), ECF No. 119. On appeal, the Fifth Circuit affirmed the district court's order remanding the case to state court. *See Plaquemines Par. v. Chevron USA, Inc.*, No. 22-30055, 2022 WL 9914869 (5th Cir. Oct. 17, 2022), *cert. denied sub nom. Chevron USA, Inc. v. Plaquemines Par., Louisiana*, 143 S. Ct. 991 (2023) [hereinafter *Plaquemines II*]. The court subsequently denied defendants' petition for panel rehearing and rehearing *en banc*. *See Plaquemines Par. v. Chevron USA, Inc.*, No. 22-30055 (5th Cir. Nov. 29, 2022), ECF No. 189 [hereinafter *Plaquemines*]. Then, on December 7, 2022, the Fifth Circuit denied defendants'

---

[5] *See Par. of Plaquemines v. Chevron USA, Inc.*, 969 F.3d 502 (5th Cir. 2020).

motion to stay issuance of its mandate pending the United States Supreme Court's resolution of defendants' forthcoming petition for a writ of certiorari. *See Plaquemines*, No. 22-30055 (5th Cir. Dec. 7, 2022), ECF No. 197. The Fifth Circuit issued its mandate on December 15, 2022, rejecting the arguments raised by defendants and affirming the district court's remand order. *See Plaquemines*, No. 22-30055 (5th Cir. Dec. 15, 2022), ECF No. 199. The Supreme Court denied defendants' petition for a writ of certiorari on February 27, 2023. *See Plaquemines*, No. 22-30055 (5th Cir. Feb. 27, 2023), ECF No. 201.

Following the Fifth Circuit decision in *Plaquemines II*, plaintiffs in the above-captioned Section B cases moved to remand and/or supplemented pending motions to remand: *Jefferson Parish v. Anadarko E&P Onshore, LLC*, No. 18-5213 (Rec. Doc. 37); *Plaquemines Parish v. June Energy, Inc.*, No. 18-5218 (Rec. Docs. 21, 22, and 42); *Plaquemines Parish v. Equitable Petroleum Corp.*, No. 18-5220 (Rec. Docs. 26 and 47); *Jefferson Parish v. Chevron U.S.A. Holdings, Inc.*, No. 18-5224 (Rec. Docs. 30 and 33); *Plaquemines Parish v. ConocoPhillips Co.*, No. 18-5230 (Rec. Docs. 64, 65, and 95); *Jefferson Parish v. Canlan Oil Co.*, No. 18-5252 (Rec. Docs. 24 and 25); and *Plaquemines Parish v. Helis Oil & Gas Co.*, No. 18-5260 (Rec. Docs. 25 and 44). The Court now addresses the instant motions to remand.

## II.   LAW AND ANALYSIS

### a.   Federal-Officer Removal Test

Defendants removed the instant action pursuant to 28 U.S.C. § 1442, the federal-officer removal statute. Section 1442 provides:

> A civil action . . . commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.

6

28 U.S.C. § 1442(a)(1).

Under Fifth Circuit authority, a defendant removing an action under Section 1442(a)(1) must demonstrate: (1) the defendant is a "person" within the meaning of the statute; (2) the defendant has asserted a colorable federal defense; (3) the defendant "acted under" the direction of a federal officer; and (4) the defendant's complained-of conduct is "connected or associated with" or "related to" a federal directive. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 291 (5th Cir. 2020) (*en banc*).

### b. The Expansion of the Federal-Officer Removal Test in *Latiolais v. Huntington Ingalls, Inc.*

The *en banc Latiolais* court "widened the scope of prong (4), which had previously been thought to require a causal nexus." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 368 (5th Cir. 2023) (citing *Latiolais*, 951 F.3d at 291–92, 295–96 and vacating the stay pending appeal of a Related Refinery case). In *Latiolais*, the defendant-shipbuilder required vessel construction with asbestos, in compliance with its United States Navy contract. *See Latiolais*, 951 F.3d at 289. In evaluating the plaintiff's motion to remand, the Fifth Circuit determined the defendant thereby acted under the direction of a federal officer, maintaining the traditional measure of the third prong. *See id.* at 296; *see also St. Charles Surgical Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, 990 F.3d 447, 454 (5th Cir. 2021) (holding that *Latiolais* upheld the acting-under prong but "replaced the 'causal nexus' element of the test with a broader standard, i.e., that a defendant's conduct only needs to be 'connected or associated with' (or 'related to') a federal directive"). The fourth prong of federal-officer jurisdiction, however, was in contest, as Fifth Circuit precedent required that "a direct causal nexus exist[] between the defendants' actions taken under color of federal office and [a plaintiff's] claims for strict product liability and failure to provide adequate warnings." *Id.* at 291–92 (citation and emphasis omitted). In *Latiolais*, the plaintiff-machinist

alleged the defendant-shipbuilder failed to warn of the dangers of exposure to asbestos, a failure which the plaintiff further alleged caused his later-developing cancer. *See id.* at 289, 297. Determining that Congress broadened 28 U.S.C. § 1442(a)(1) by adding to the removal statute the words "relating to", the Fifth Circuit accordingly broadened its test. *See id.* at 292–93 (describing the statutory amendment); *id.* at 295–96 (describing the "relating-to" application). Specifically, the appellate court found in the plaintiff's failure-to-warn claim complained-of conduct sufficiently related to the defendant's shipbuilding under the direction of a federal officer. *See id.* 296. As such, federal-officer jurisdiction was proper. *See id.*

### c.  Related Refinery Cases in Light of *Latiolais*

Applying the *Latiolais* standard, the Fifth Circuit Court of Appeals in *Plaquemines II* considered whether oil-industry defendants were acting under a federal officer when producing oil during World War II. *Plaquemines II*, 2022 WL 9914869, at *1–2. The appellate court concluded that the removing defendants failed to demonstrate they were subjected to the federal government's guidance or control as subcontractors; that they failed to prove they acted pursuant to a federal officer's direction; and that remand was proper. *Id.* at *4.

In the wake of the Fifth Circuit's rejection of the removing defendants' arguments for federal-officer jurisdiction, plaintiffs argue that the above-captioned cases are factually indistinguishable from *Plaquemines II*; that removing defendants cannot meet their requirements for federal officer removal; and therefore, that remand is required. *See, e.g.*, Joint Memorandum of Plaintiff and Intervenors in Support of Motion for Remand, *Jefferson Par. v. Chevron U.S.A. Holdings Inc.*, No. 18-5224 (E.D. La. Feb. 15, 2023), ECF No. 65.

Removing defendants counter by recycling their federal-officer jurisdiction argument, this time arguing that because they acted as both oil refiners pursuant to a federal contract and as oil

producers, these cases are factually distinguishable from *Plaquemines II. See, e.g.*, Removing

Defendants' Opposition to Plaintiffs' Joint Motion to Remand, *Jefferson Par. v. Chevron U.S.A.*

*Holdings Inc.*, No. 18-5224 (E.D. La. Feb. 14, 2023), ECF No. 63.[6] In support of their tenuous

assertion, removing defendants rely on the Fifth Circuit's concluding statement: "*refineries, who*

*had federal contracts* and acted pursuant to those contracts, *can likely remove* under § 1442, but

that does not extend to parties not under that contractual direction." *Plaquemines II* at *4 (emphasis

added) (citing *Par. of Plaquemines v. Riverwood Prod. Co.*, No. 18-5217, 2022 WL 101401, at *7

(E.D. La. Jan. 11, 2022) (Feldman, J.)).

      The Court is unpersuaded by removing defendants' strained argument, particularly in view

of controlling Fifth Circuit jurisprudence on federal officer removal jurisdiction, coupled with

recent and compelling decisions of three other sections of this Court.

### 1. The Acting-Under and Relating-To Prongs

      Removing defendants are unable to establish element four of the federal-officer removal

statute, namely, that the removing defendants' alleged violations of the SLCRMA are "connected

or associated with" or "related to" a federal directive. *See Latiolais*, 951 F.3d at 296. Regarding

the fourth element, Fifth Circuit authority clarifies "though the 'acting under' and 'connection'

elements may often ride in tandem toward the same result, they are distinct." *St. Charles Surgical*

*Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, 990 F.3d 447, 454 (5th Cir. 2021). "In other

words, a defendant might be 'acting under' a federal officer, while at the same time the specific

---

[6] Removing defendants specifically assert the Related Refinery Cases are "removable as long as [defendants'] crude-oil-production practices . . . are *related to* its actions as a government-contracted refiner acting under the federal government to make and deliver crude-oil-based war products." *Id.* at 16 (emphasis in original). Additionally, although defendants assert they are entitled to federal-officer removal in the above-captioned cases, defendants alternatively recommend the Court defer consideration of plaintiffs' remand motions pending resolution of the Supreme Court's review. *Id.* at 1. Defendants' proposal is moot considering the United States Supreme Court denied the petitions for certiorari in *Plaquemines Parish et al. v. Chevron U.S.A., et al.*, No. 22-30055 and two other cases involving the "acting under" element of the federal officer jurisdictional test.

conduct at issue may not be 'connected or associated with' an act pursuant to the federal officer's directions." *Id.* By that logic, "to satisfy the 'acting under' requirement, a removing defendant need not show that its alleged conduct was precisely dictated by a federal officer's directive." *Id.* "Instead, the 'acting under' inquiry examines the *relationship* between the removing party and the relevant federal officer, requiring courts to determine whether the federal officer exerts a sufficient level of subjection, guidance, or control over the private actor. *Id.* (emphasis in original) (some quotations marks omitted).

> Relatedly, Fifth Circuit authority also provides:

> [M]erely being subject to federal regulations is not enough to bring a private action within § 1442(a)(1). For an entity to be acting under a federal officer or agency, the action must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior. And the help or assistance necessary to bring a private person within the scope of the statute does *not* include simply *complying* with the law. Furthermore, we have held that being subject to pervasive federal regulation alone is not sufficient to confer federal jurisdiction, even when there was cooperation between the private actor and the federal government. Thus, to the extent that Producers contend that they were acting under a federal officer because they complied with federal regulations or cooperated with federal agencies, we find those arguments unpersuasive.

*Plaquemines II*, 2022 WL 9914869 at *3 (internal citation and quotation marks omitted) (emphasis in original) (first citing *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 151–52 (2007); then citing *Glenn v. Tyson Foods, Inc.*, 40 F.4th 230, 235 (5th Cir. 2022); and then citing 28 U.S.C. § 1442(a)(1)).

Defendants have not established that the federal government asserted the requisite "subjection, guidance, or control" over defendants' oil production activities. *See, e.g.*, Joint Memorandum of Plaintiff and Intervenors in Support of Motion for Remand at 6, *Jefferson Par. v. Chevron U.S.A. Holdings Inc.*, No. 18-5224 (E.D. La. Feb. 15, 2023), ECF No. 65 ("Defendants offer no evidence of any WWII government contracts to produce crude (none exist, anywhere),

and no evidence that their crude production activities in the Related Refinery Cases were subject to federal controls that the Fifth Circuit found to be absent in *Riverwood*."); *see also Plaquemines II*, 2022 WL 9914869, at *2; *St. Charles Surgical Hosp.*, 990 F.3d at 454. Even more detrimental to defendants' argument is the Fifth Circuit's clarification that "merely being subject to federal regulations is not enough to bring a private action within § 1442(a)(1)." *Plaquemines II*, 2022 WL 9914869 at *3.

However, even assuming *arguendo* that the acting-under prong can be established, removing defendants fail to show their complained-of conduct in oil production has anything more than an attenuated connection to their actions under the direction of a federal officer. Even in a "vertically integrated" company—one that maintains refinery and production activities under a broader corporate umbrella—separate business activities do not create federal jurisdiction by happenstance or logistical preference. Defendants' conclusory assertion that the "hand-in-glove relationship" between the Texas refining operations and Louisiana production fields somehow contributed to their securing the wartime contract is insufficient for the related-to prong. *See* Defendants' Supplemental Memorandum at 7, *Jefferson Par. v. Chevron U.S.A. Holdings*, No. 18-5224 (E.D. La. Aug. 14, 2023), ECF No. 78. Furthermore, the "Minimum Crude Runs" document produced by the Petroleum Administration for War is both steps away from oil-production activity and a descriptive document rather than a federal directive. *See id.* at 7–8; *see also* Plaintiffs' Supplemental Memorandum at 11, *Chevron U.S.A. Holdings*, No. 18-5224 (E.D. La. Aug. 14, 2023), ECF No. 77 (emphasis in original) ("The evidence provided by both Plaintiff and Defendants in this case shows that ***after*** crude was produced in the field, the PAW programmed its distribution and transportation to refineries."). Finally, defendants' principal contention may situate the fourth prong, but it does not satisfy it: "That those [refining] contracts did not explicitly

specify how to obtain necessary crude does not make [defendants'] actions to obtain crude somehow entirely unrelated to the governing federal direction." Defendants' Supplemental Memorandum at 9, *Jefferson Par. v. Chevron U.S.A. Holdings*, No. 18-5224 (E.D. La. Aug. 14, 2023), ECF No. 78.

Although after *Latiolais* alleged oil-production injuries need not have a direct causal nexus with contracted refining activity, they do need to be more than steps removed from federal-officer direction. Failing that, removing defendants fail to establish the fourth prong for federal-officer jurisdiction, that the complained-of production actions were associated with or connected to their refining activities. As explained further, other sections of this Court overwhelmingly have arrived at the same conclusion in Related Refinery Cases. We find those recent decisions highly persuasive, for the reasons specified below.

## 2. Related Refinery Cases in the Eastern District of Louisiana

In April 2023, in a Related Refinery matter, Judge Fallon focused his analysis on what he considered "the highest hurdle," the fourth prong's requirement that the complained-of conduct be associated with or related to a federal directive. *Plaquemines Par. v. Exch. Oil & Gas Corp.*, No. 18-5215, 2023 WL 3001417, at *2 (E.D. La. Apr. 19, 2023) ("Because Defendants must satisfy all four prongs to successfully remove this case, the Court may analyze the prongs in any order."). Even though *Latiolais* expanded this requirement beyond the former "causal nexus" requirement, a removing defendant in a Related Refinery case still must show that the asserted production-related injuries are related to or associated with refining operations. *See id.* at *4 ("A company found to be acting under a federal officer for some purposes is not thus acting under federal control for all purposes."). And Judge Fallon, flatly, found no such relationship:

> While the parties do not contest that the federal government asserted control only
> over the distribution and transportation of crude oil to refineries after the crude oil

> was produced in the field, there is no evidence that the federal government asserted any control over those refiner's oil production activities. To find federal officer jurisdiction in such a circumstance would take *Latiolais*' "connected or associated" test too far, and would essentially mean that any upstream action a company might take to satisfy a federal contract, no matter how attenuated or outside of federal control, would entitle that company to federal officer jurisdiction . . . . There must be some limit even under *Latiolas*' expanded test for federal officer jurisdiction.

*Id*. Simply, the oil refining and oil production were "two entirely separate operations requiring different skills, and different operations at different locations." *Id.* at *3. The absence of facts to support the associated-with or related-to prong led Judge Fallon to remand the Related Refinery case. *See id.* at *4. We concur with Judge Fallon's reading that more than an attenuated connection is necessary to satisfy the fourth prong for federal officer jurisdiction. *Id*.[7]

Also in April 2023, Judge Zainey similarly remanded Related Refinery claims, concurring with Judge Fallon's analysis of fourth-prong failure. *Par. of Plaquemines v. Northcoast Oil Co.*, No. 18-5228, 2023 WL 2986371, at *4 n.11 (E.D. La. Apr. 18, 2023) ("The Court agrees wholeheartedly with Judge Fallon's reasoning.").[8] The decision particularly noted the difference in oil refining and oil producing functions as evidence of the attenuated connection between federal officer-directed conduct and the complained-of injury: "[U]pstream oil producing operations in

---

[7] *See also Par. of Jefferson v. Destin Operating Co.,* No. 18-5206 (E.D. La. Apr. 4, 2023), ECF No. 93 (Fallon, J.*)*; *Plaquemines Par. v. Great S. Oil & Gas Co.*, No. 18-5227, 2023 WL 3001418, at *4 (E.D. La. Apr. 19, 2023) (Fallon, J.); *Par. of Jefferson v. Equitable Petroleum Corp.*, No. 18-5242 (E.D. La. Apr. 4, 2023), ECF No. 78 (Fallon, J.).

[8] Judge Zainey, however, did not limit his assessment to the associated-with or related-to prong, also finding the acting-under prong not satisfied. *See Plaquemines Par.*, 2023 WL 3001417, at *9. Distinguishing federal directives, Judge Zainey assumed the removing defendants acted under a federal officer in order to refine petroleum for the federal government during World War II, but did not do so for their oil production activities. *Id.* at *8, 10 ("No directive in the contract has anything to do with upstream oil production."). With such an acting-under link absent, Judge Zainey observed that the removing defendants' argument sought to conflate the third and fourth prongs, specifically by attempting to "satisfy the acting under prong by relying on federal directives governing conduct (refining) that is not implicated by the plaintiffs' lawsuit." *Id.* at *8. Even in light of recent federal-officer jurisdiction precedent, Judge Zainey rejected the argument, reasoning that the acting-under failure could not be cured by a purported related-to connection: "So while post-*Latiolais* the reach of the related to prong brings conduct not specifically directed by a federal officer into the scope of removal, the conduct must relate nonetheless to carrying out the directives of a federal officer." *Id.* at *9. As noted previously, this Court finds removing defendants fail to establish the connected-with or relating-to prong and, thus, an analysis of the third prong is unnecessary.

the field and downstream refining operations at the plant are 'two entirely separate operations requiring different skills, and different operations at different locations.'" *Id.* at *7 (quoting *Parish of Jefferson v. Destin Oper. Co.*, No. 18-5206, 2023 WL 2772023, at *3 (E.D. La. Apr. 4, 2023) (Fallon, J.); *see also id.* at *10 ("As Judge Fallon noted when remanding his similarly situated SLCRMA cases, under the defendants' theory a company with a single federal contract could remove essentially any claim for activities outside the scope of the contract but arguably connected to it, which may mean virtually anything."). Moreover, this Court agrees with the rationale for rejecting defendants' reliance upon the dicta in *Plaquemines II*. Simply, a plain reading of *Plaquemines II* does not guarantee all producers who also acted as refiners with government contracts could invoke 28 U.S.C. § 1442 and remove to federal court. Instead, "[c]ommon sense would dictate that what the [Fifth Circuit] meant was that the refineries whose federal contracts the *Riverwood* defendants were trying to latch onto could satisfy the acting under requirement and remove if they had been sued for activities taken pursuant to the federal directives in their refinery contracts, *i.e.*, refining activities." *Id.* at *10.

Also, in May 2023, Judge Morgan rejected the same or substantially similar argument, remanding a Related Refinery case for failure at the associated-with or related-to prong, without making a determination regarding the acting-under requirement. *Par. of Plaquemines v. Rozel Operating Co.*, No. 18-5189, 2023 WL 3336640, at *4, n.48 (E.D. La. May 10, 2023) ("Because the Court finds the removing Defendants have failed to establish the [associated-with or related-to] element, the Court need not address the other elements."). Significant to Judge Morgan, Related Refinery cases presented distinguishable facts from *Latiolais*, as the use of asbestos was dictated by government contract in the latter and, thereby, the alleged failure to warn was associated with the federal directive. *See id.* at *5 ("The removing Defendants stretch the holding in *Latiolais*

14

beyond its plain meaning. Clearly at odds with Defendants' interpretation of *Latiolais* is the fact that, in *Latiolais*, the charged conduct was still related to a federal officer's directive to use asbestos."). We agree with the finding that "[n]owhere in any contract pointed to by the removing Defendants did a federal officer direct the oil production activities of Defendants—the charged conduct in the instant case." *Id.*

### 3.   Related Refinery Case Observations in *Plaquemines Parish v. Chevron USA, Inc.*

Finally, in consideration of the stay pending appeal in Judge Fallon's Related Refinery case, the Fifth Circuit Court of Appeals recently noted the current state of federal-officer jurisdiction law, without ruling on the merits of the pending appeal. *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362 (5th Cir. 2023). Vacating the stay and remanding the case, the Fifth Circuit observed: "Defendants have not identified any district court opinion that has accepted a version of their refinery argument." *Id.* at 370. As we discuss below in relation to removing defendants' alternative request for a stay pending appeal in this matter, the appellate court's opinion characterized the Eastern District rulings in Related Refinery cases to be "thorough opinions explaining why the oil production activities at issue . . . are far afield from any refinery activities allegedly undertaken pursuant to federal contracts." *Id.* at 373–74. We take note of the Fifth Circuit's assessment and wholeheartedly agree.

Because removing defendants cannot demonstrate they meet element four of the federal officer removal statute—that the charged conduct is "connected or associated with" or "related to" a federal directive—the Court is persuaded that federal officer removal jurisdiction does not apply to these cases.[9] Accordingly, we join the other sections of this Court and, based on a reasonable

---

[9] Where the removing defendant fails to establish each of the four elements as outlined in *Latiolais*, defendant is not entitled to removal under § 1442(a) for failure to demonstrate the fourth prong. *Compare Box v. PetroTel, Inc.*, 33 F.4th 195, 200–01 (5th Cir. 2022) (holding that where the removing defendant failed to establish the third element, removal under § 1442(a) was improper), *with Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No. 22-10414,

interpretation of Fifth Circuit precedent, find that plaintiffs' motion to remand in Civil Action No. 18-5224, the Related Refinery Case, must be granted.

In view of the foregoing analysis, we similarly conclude the remaining six Non-Related Refinery Cases must also be remanded because defendants' primary argument is centered upon a finding that the Related Refinery Cases—namely, Civil Action No. 18-5224—was properly removed under 28 U.S.C. § 1442.[10] For the reasons noted above, and because these six cases do not any involve defendants that refined oil pursuant to a contract with the federal government, we join with colleagues of this Court in rejecting this argument.

### d. Removing Defendants Alternative Request for a Stay Pending Appeal

Finally, defendants filed notices of supplemental authority in the above-captioned cases, suggesting that this Court has authority to stay the instant matter pending resolution by the Fifth Circuit Court of Appeals. *See e.g.*, Rec. Docs. 68, 69, 70, and 71. In deciding whether to stay a matter pending appeal, we must consider four factors outlined in *Nken v. Holder*:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two *Nken* factors "are the most critical." *Id*. "The party who seeks a stay bears the burden of establishing these prerequisites." *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

---

2023 WL 2573914, at *2–4 (5th Cir. Mar. 20, 2023) (stating that to remove under § 1442(a) a party "must" show the elements outlined in *Latiolais*, and denying motion to remand where all four elements outlined in *Latiolais* were established). Notably, the first prong, whether defendant(s) and their predecessors are a "person" within the meaning of the statute, is not in dispute. Moreover, even if this Court assumes without holding that defendants "acted under" the direction of a federal officer as required by the third prong, it does not follow that those acts are immediately "connected or associated with" or "related to" a federal directive. *See St. Charles Surgical Hosp., L.L.C.*, 990 F.3d at 454.

[10] *Supra* n.4.

In March 2022, Judge Vance stayed a related matter pending appeal to the Fifth Circuit Court of Appeals. *Plaquemines Par. v. Riverwood Prod. Co.*, No. 18-5217, 2022 WL 843118, at *3 (E.D. La. Mar. 22, 2022) (Vance, J.). Judge Vance first reasoned that "[b]ecause the Fifth Circuit has not yet applied the *Latiolais* test to many cases, and because of the fact-specific nature of the inquiry . . . the success-on-the-merits criterion weighs in favor of a stay pending appeal." *Id.* at *2. Second, "[a]bsent a stay, defendants would face the possibility that the state court would decide the merits of the claims or address dispositive motions before Defendants' appeal is fully exhausted." *Id.* (citation omitted).[11] Third, "[a] stay pending appeal of the remand does not impair the ability of the plaintiff or plaintiff-intervenor[s] to pursue their claims in state court, should the Fifth Circuit ultimately affirm Judge Feldman's ruling." *Id.* Finally, "concerns underlying the federal officer removal statute, judicial economy, and avoiding unnecessary litigation are important matters of public concern." *Id.* (quoting *Humphries v. OneBeacon Am. Ins. Co.*, No. 13-5426, 2014 WL 1330034, at *2 (E.D. La. Apr. 2, 2014)).

However, in October 2023, the Fifth Circuit Court of Appeals resolved the issue in the opposite manner, applying the *Nken* factors to remand a Related Refinery case pending a merits-based appeal. *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362 (5th Cir. 2023). First, although acknowledging the Fifth Circuit had yet to rule on a Related Refinery case, the appellate court in its consideration of the stay noted that removing defendants "failed to undermine[] the reasoning of the district courts that have unanimously rejected the refinery argument in this and closely related cases." *Id.* at 375. As such, the Fifth Circuit determined there was not a showing of a strong

---

[11] "Courts have found that this risk is particularly salient in the context of disputes involving federal-officer jurisdiction, because—unlike for other asserted bases of federal jurisdiction—an order remanding a case that was removed on federal-officer grounds *is reviewable* on appeal. 28 U.S.C. § 1447(d)." *Plaquemines Par. v. Riverwood Prod. Co.*, No. 18-5217, 2022 WL 843118, at *3 (E.D. La. Mar. 22, 2022).

likelihood of success. *Id.*  At the same, however, the appellate court determined that there may be "a substantial case on the merits when a serious legal question is involved," an alternative showing for the first *Nken* factor. *Id.* (quoting *Ruiz*, 650 F.2d at 565) ("*Latiolais* left unclear where to draw the line between related and unrelated activities, and against this legal uncertainty, defendants' appeal plausibly involves a serious legal question, namely, what is *Latiolais*'s limiting principle? *Latiolais* arguably leaves open the possibility that the kind of relationship federal officer jurisdiction requires is quite minimal.").

On the remaining *Nken* factors, however, the appellate court landed squarely on the side of denying a discretionary stay. For irreparable harm, the appellate court demanded more than unrecoverable state-court litigation costs. *Id.* at 375 (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.")). Further, defendants would not risk losing the federal court forum, as shown by circuit precedent reversing district court refusals to issue a stay. *See id.* at 376 (first citing *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017); then citing *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016)). Finally, as a practical matter, the Fifth Circuit cast doubt on the contention that irreparable harm could befall the defendants through a speedy state-court resolution: "Progress in this case has been delayed for ten years. It is not plausible that the case will reach trial before our court rules on defendants' appeal." *Id*. As to the remaining *Nken* factors, the appellate court determined that protection of Louisiana's coast created public urgency to not delay the litigation further, particularly in light of both SLCRMA's purpose to "protect, develop, and, where feasible, restore or enhance the resources of the state's coastal zone" and a procedural history replete with abeyances pending the appellate resolution of other cases, such as *Plaquemines II* and *Riverwood*. *See id.* at 377–78. In sum, the Fifth Circuit

determined that "the balance of equities weighs *against* a stay pending appeal." *Id.* at 378 (emphasis in original). So do we.

In view of the clear directives in an identical case, removing defendants' request for a stay pending appeal must be denied.

New Orleans, Louisiana, this 13th day of December, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE